IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:23-CV-077-KDB-DCK

| | |
|---|---|
| JANICE SUMMEY BROWN, as Executor of the Estate of Richard Earl Brown, Sr., <br><br> Plaintiff, <br><br> v. <br><br> STACEY BENTLEY, SPENCER B. MARKS, and CITY OF HICKORY, NORTH CAROLINA, <br><br> Defendants. | ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Consent Motion For Protective Order" (Document No. 11) filed September 25, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to i) employee personnel matters; ii) records of criminal investigations; and/or iii) law enforcement agency recordings which may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 160A-168, 132-1.4 and 132-1.4A, respectively. Plaintiff also seeks documents related to the named defendant law enforcement officers' law enforcement employment history, training, and certification from the North Carolina Sheriff's Education and Training Standards Commission and the North Carolina Criminal Justice Education and Training Standards Commission, and these documents may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 153A-98 and

160A-168. Additionally, the disclosure of photographs, audio and/or video recordings made pursuant to autopsy may be controlled by court order pursuant to N.C. Gen. Stat. §132-1.8. These documents and information collectively are referred to herein as "Confidential Information." The parties have sought such an order to be in compliance with these statutes and to protect the safety, security and integrity of the City of Hickory Police Department and privacy interests of others.

By consent, **IT IS HEREBY ORDERED THAT**:

1. Upon proper request pursuant to the Federal Rules of Civil Procedure, the Parties may obtain Confidential Information.

2. Any such Confidential Information obtained in this action shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL" or a comparable notice. Any party may object to a designation of any documents or information as "CONFIDENTIAL" by any other party. After an objection is made to any designation according to this paragraph, the designated documents or information shall be treated according to the designation and not disclosed as set forth in paragraph 3 below, until the matter is resolved according to the procedures described in paragraph 8 below.

3. In the absence of further order of this Court, Confidential Information obtained in accordance with the provisions of paragraph 2 shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the Defendant(s) whose records are produced, (iv) all counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (v) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; (vi) witnesses as necessary to prepare for trial or testimony in this action. Any confidential personnel information shall be used solely for the

purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual's right to examine confidential records under N.C. Gen. Stat. §160A-168, to the extent permitted by law.

4. Prior to making disclosures to any person set forth in subparagraph 3(v) and (vi) of this Order, the party disclosing the Confidential Information shall inform any such persons to whom disclosure is made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such persons a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All Confidential Information, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. If the Court orders, or if counsel for all parties agree, that access to, or dissemination of, information obtained as Confidential Information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any Confidential Information submitted to the Court in connection with a motion or other proceeding within the purview of this action, and marked in accordance with paragraphs 2 above, shall be submitted along with a concurrently-filed motion to seal made pursuant to LCvR 6.1(c). Any portion of a transcript in connection with this action containing any Confidential

3

Information submitted pursuant to paragraphs 1 and 2 shall be bound separately and filed under seal. When any Confidential Information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "CONFIDENTIAL."

7. If Confidential Information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the Court and opposing counsel, and without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Upon final adjudication of this action, all Confidential Information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) shall be disposed of in the manner provided by a separate final Order to issue from this Court.

10. This Order is entered without prejudice to any Party seeking further orders from the Court regarding the additional disclosure of, or restriction of, Confidential Information.

Signed: September 26, 2023

David C. Keesler
United States Magistrate Judge

4

Case 5:23-cv-00077-KDB-DCK   Document 13   Filed 09/26/23   Page 4 of 5

CONSENTED TO BY:

/s/ Jake W. Stewart
Jake W. Stewart
*Attorney for Defendants*
CRANFILL SUMNER LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile: (704) 332-9994
jstewart@cshlaw.com


/s/ Eric L. Doggett
Eric L. Doggett
*Attorney for Plaintiff*
STRICKLAND AGNER PITTMAN
112 North William St.
Goldsboro, NC 27530
Telephone 919-735-8888
Fax: 919-735-8450
eric@stricklandlawnc.com

/s/ Robert M. Grant Jr.
Robert M. Grant, Jr.
*Attorney for Plaintiff*
GRANT RICHMAN, PLLC
217 N. Main Ave
Newton, NC 28658
828-464-2391
Fax: 828-465-5422
rgrant@grantrichman.com